ALEXANDER v. BYERS.

Where a debt is paid in paper, in the similitude of bank bills, which is unauthorized and void, but is at the time current, and the person, to whom the same was paid, brings his suit to recover upon the original demand, the defendant may plead in bar of his action, that the plaintiff, to whom such paper was paid, passed the same, at par, to other persons, who returned the same to the defendant, and that the defendant redeemed the same, so that the plaintiff suffered no injury by reason of the reception thereof.

And a reply to such defense, admitting the delivery of such paper, and averring that the bank, issuing the same, was not organized, etc., but was in violation of the laws and constitution of the State; and that the notes, etc., were issued in violation, etc, but were in the form and similitude of bank notes, and were intended to be used, etc., as bank notes, but had no legal value, and were unconstitutional—void; and, that, therefore, the payment in the same was not valid, etc., is bad on demurrer, because it fails to take direct issue on the facts averred in such defense, or to set up other facts sufficiently responsive thereto.

APPEAL from the *Owen* Circuit Court.

HANNA, J.—Suit to recover for one hundred and eight hogs, sold and delivered.

*Answers.* 1. Denial. 2. Payment. 3. That the defendant delivered to the plaintiff twenty-five hundred dollars of the bills of the *Citizens' Bank* of *Gosport*, which were of the value of twenty-five hundred dollars, which were current, and receivable at par, as money, in all commercial transactions, and were received by the plaintiff in full, etc. 4. Similar to the third, and in addition, that the plaintiff paid said bills to, etc., and received a valuable consideration therefor; that said persons, etc., afterward brought said bills to the defendant, who received the same, and gave in exchange current funds in full; and that said plaintiff has not suffered any injury, etc.

*Reply.* 1. Denial. 2. To third and fourth paragraphs, admits the delivery of the notes on the *Citizens' Bank,* but avers that said bank was not organized, etc., but was in violation of the laws and constitution of *Indiana;* and the notes, etc., were issued in violation, etc., but were in the form and similitude of bank notes, and were intended to be used, etc., as bank notes; that they had no legal value, but were unconstitutional and void, and said payment was, therefore, not valid, etc.

A copy of one of said notes is appended to the reply.

Demurrer to the reply overruled, which presents the only point made in the briefs of counsel.

It is urged that this case falls within that of *Dakin* v. *Anderson,* at the May term, 1862, and should be governed by the same rule of decision.

In its inception, that suit was similar to this, in this, that it was instituted for goods sold, regardless of the kind of paper received for, or upon, the same. But the pleadings, subsequent to the complaint, showed a different state of facts, and facts upon which it was made to turn here, viz., that the action of the plaintiffs had been such as to preclude or estop them from maintaining said suit.

It was averred, that the defendants, in that case, acted in the premises upon the suggestion or procurement of the plaintiffs. Here, there is no such allegation; but the question arises, Whether the acts of the plaintiff, in paying out said paper, subsequent to the reception of such illegal paper, as averred in the answer, and not denied by the reply, and the acts of the defendant, in receiving or redeeming the same, can be considered as operative to discharge any liability said defendant might have incurred to the plaintiff by the transaction?

The reply, having thus failed to take direct issue upon the facts averred in the answer, we think, failed also to set up any other facts which were sufficiently responsive to that

answer. It may be true, as set forth in said reply, that the paper received by the plaintiff, on account of said sale, was illegal, and its reception did not amount to a discharge of the claim; but the further facts pleaded in the answer, and not responded to, it appears to us, were a sufficient answer to the demand. When it was shown that the paper passed out of the hands of the plaintiff, at its full face, the only reason that could exist, why he was in a position to suffer damage by its original reception, would be upon the principle that he might be liable to those to whom he passed it. It is not necessary for us to decide, whether the plaintiff could maintain his action, because of the possibility of being, at some future period, made to suffer in consequence of this liability, for, in our opinion, either of two reasons may be given, on the state of facts pleaded, clearly demonstrating, that such liability can not arise in the future, in this case. *First.* The defendant put the paper in circulation by passing it to plaintiff, who passed it to others, and they back to the defendant, for current funds. It may be said, then, that this payment of current funds was so much money expended by the defendant for the use of the plaintiff, in taking up the paper upon which the said liability might arise. *Second.* The paper having returned into the hands of the person (the defendant) who first put it in circulation, Courts would not favor a multitude of suits, by which it would be returned, or the liability traced, through the plaintiff, to ultimately rest upon the defendant, even if his redemption or reception of the same did not operate as an extinguishment of such possible liability, a question we need not decide.

There was error, therefore, in overruling the demurrer to the reply, which was, as the evidence shows, to the injury of the defendant.

*Per Curiam.*—The judgment is reversed, with costs, and the cause remanded for further proceedings.

*J. E. McDonald* and *A. L. Roache*, for the appellant.
*Thomas A. Hendricks* and *Samuel H. Buskirk*, for the appellee.